USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/4/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM D. LEWIS,          :
          Plaintiff,     :
                         :
     -against-         :     12 Civ. 985 (LGS)
                         :
STEVEN SMITH, et al.,      :     <u>ORDER AND OPINION</u>
         Defendants.    :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Plaintiff William D. Lewis sued Steven Smith and Oak Point Properties, LLC ("Oak Point") for breach of contract, unjust enrichment, breach of fiduciary duty, an accounting, and declaratory judgment. Defendants previously moved to dismiss for improper service and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). District Judge Barbara S. Jones denied Defendants' Rule 12(b)(6) motion but required Plaintiff to effectuate proper service on Defendants. The case was then transferred to this Court. The Court invited Defendants to file the instant motion to dismiss for lack of subject matter jurisdiction after a status conference where the subject was raised. A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). For the reasons stated below, Defendants' motion to dismiss is DENIED.

**I. Background**

      This case centers on the development of 27 acres of land located at One Oak Point Avenue in the Bronx, New York (the "Property"). (Compl. ¶ 8.) The Property was owned by Britestarr Homes Inc. ("Britestarr"), which filed for Chapter 11 bankruptcy protection in 2001. (Compl. ¶ 9.) As part of Britestarr's Chapter 11 reorganization plan (the "Britestarr Plan"), the Bankruptcy Court approved the transfer of the land to ABB Equity Ventures ("ABB"). *Id.* In

2002, Defendants Smith and Oak Point negotiated their purchase of the Property from ABB. (Compl. ¶ 10.) Although the Complaint is unclear, it appears that ABB never took title to the Property, but rather transferred to Defendants Smith and Oak Point ABB's right to purchase the Property from the Britestarr estate.

Plaintiff alleges that in 2002 or early 2003, he and the Defendants entered into an oral agreement to form a joint venture or partnership whereby the Plaintiff would help Defendants develop the Property. (Compl. ¶ 11.) Plaintiff alleges that, pursuant to the agreement, he was to receive a share of the proceeds from the eventual sale of the Property. (Compl. ¶ 12.) Between 2003 and 2005, the parties attempted to develop the Property into a power plant. (Compl. ¶¶ 14, 16.) In 2004, the parties attracted Keyspan Energy Corporation as a major investor in the power plant, but eventually the deal with Keyspan fell through. (Compl. ¶¶ 19, 22.) In 2007, the City of New York announced a plan to condemn the Property. (Compl. ¶ 23.)

On July 7, 2009, the Property was transferred from Britestarr to Smith and Oak Point pursuant to the Britestarr Plan. (Compl. ¶ 24.) In August 2010, Plaintiff advised the Defendants to consider developing the Property as a data center complex. (Compl. ¶ 25.) Plaintiff alleges that at that point, Defendants disclaimed his interest in the Property in violation of their agreement. (Compl. ¶¶ 26-27.) On November 30, 2010, the Defendants sold the Property to a real estate developer for $22.3 million. (Compl. ¶ 27.) Plaintiff then brought this suit, seeking to recover what he believes to be his rightful share of the profits from the sale of the Property.

Defendants now argue that this Court lacks subject matter jurisdiction for three reasons: <u>first</u>, Plaintiff lacks standing, a jurisdictional requirement, because he failed to file a proof of claim in the bankruptcy court preserving his interest in the Property; <u>second</u>, the Property was sold pursuant to the Bankruptcy Court's Consummation Order "free and clear of any and all encumbrances, obligations, liabilities, interests, contractual commitments [and] claims;" and

<u>third</u>, the Bankruptcy Court retained exclusive jurisdiction to interpret and enforce the provisions of the Consummation Order.

## II. Discussion

### A. Legal Standard

On a motion to dismiss for lack of subject matter jurisdiction, the complaint "will be construed broadly and liberally." 5B Fed. Prac. & Proc. Civ. § 1350 (3d ed.) (2013). The plaintiff has the ultimate burden of establishing subject matter jurisdiction. A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is an appropriate mechanism for challenging a plaintiff's constitutional standing to bring a particular claim. *See W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP,* 549 F.3d 100, 104 (2d Cir.2008); *MacIssac v. Town of Poughkeepsie*, 770 F. Supp. 2d 587, 593 (S.D.N.Y. 2011).

### B. Analysis

The Defendants' arguments rely on the flawed premise that the Britestarr Plan bears on this case. Plaintiff brings suit against Defendants Smith and Oak Point for breach of fiduciary duty, breach of contract, unjust enrichment and an accounting. It is legally irrelevant that Plaintiff's alleged rights as to Smith and Oak Point grew from the development of the Property previously owned by Britestarr. Plaintiff brings no claims against the Property or Britestarr. None of Plaintiff's claims arise out of an obligation from Britestarr to the Plaintiff. The Defendants' arguments are addressed in turn.

#### i. Standing

Defendants argue that Plaintiff lacks standing to bring this case. To meet the "case-or-controversy" requirement of Article III, a plaintiff must establish that he has standing to bring suit. *Raines v. Byrd,* 521 U.S. 811, 818 (1997) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992)). Standing requires a plaintiff to demonstrate a "personal stake in the outcome

of the litigation." *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 543–44 (1986). Formulated as a three-part test, a plaintiff must show that (1) he has suffered an "injury in fact;" (2) the injury is traceable to the defendant; and (3) the injury can be redressed by a favorable decision. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180–81 (2000). Plaintiff has alleged clear "injury in fact" caused by the Defendants – that Defendants failed to pay him money he is fairly owed. A favorable decision from this Court on any of the Plaintiff's theories would redress his harms.

Defendants' argument that Plaintiff's failure to file a proof of claim in the Britestarr bankruptcy divests Plaintiff of standing to bring this claim is without merit. "A proof of claim is a written statement setting forth a creditor's claim." Fed. R. Bankr. P. 3001. As discussed above, Plaintiff here is not and was not a creditor of Britestarr, and his failure to file proof of claim in the Britestarr bankruptcy is irrelevant to this case.

**ii. Free and Clear Sale**

After notice and hearing, Section 363(f) of the Bankruptcy Code authorizes a trustee to sell property free and clear of "any interest" that any entity has in such a property. 11 U.S.C. § 363. Section 363 has been extended to allow the bankruptcy courts to transfer assets free of *in personam* claims as well as *in rem* claims as to the property. *In re Motors Liquidation Co.*, 428 B.R. 43, 57-59 (S.D.N.Y. 2010).

The purpose of allowing the trustee to transfer property "free and clear" of any claims, including preexisting tort claims against the debtor relating to the property, serves twin purposes in bankruptcy. First, by removing all claims against the property, the estate is able to maximize the value of the assets. Second, the creditors of the property sold in the section 363 sale can make claims against the bankruptcy estate, allowing the bankruptcy court to maintain a unified

priority scheme for all claims against the debtor.  *In re Grumman Olson Indus., Inc.*, 445 B.R. 243, 249 (Bankr. S.D.N.Y. 2011) *aff'd*, 467 B.R. 694 (S.D.N.Y. 2012).

Barring Plaintiff's claims here would not serve the goals of Section 363.  Plaintiff's claims do not decrease the value of the Property as a lien would, for example; and Plaintiff's claims do not affect the bankruptcy priority scheme because they are not asserted against assets of the bankruptcy estate.  Rather, Plaintiff's claims are contractual and quasi-contractual claims for payment in exchange for services rendered to the Defendants, who are strangers to the bankruptcy.

Britestarr transferred the Property to Defendants "free and clear of any and all encumbrances, obligations, liabilities, interests, contractual commitments [and] claims."  The Britestarr Plan does not affect Plaintiff's current suit against Defendants, because Plaintiff had no claim against the Property or Britestarr, and therefore Plaintiff's claims could not have been extinguished by the sale.  The meaning of "claim" in the Bankruptcy Code is broad, so that "all legal obligations of the debtor, no matter how remote or contingent, will be dealt with in the bankruptcy case."  *In re Chateaugay Corp.*, 944 F.2d 997, 1003 (2d Cir. 1991).  The Britestarr Plan could not have applied to Plaintiff's allegations against Defendants, because they were never "claims" or "obligations of the debtor" as defined in the Bankruptcy Code.

### iii. Retention of Jurisdiction

The Britestarr Plan transferred the Property to Oak Point and Smith pursuant to Section 363.  A bankruptcy court retains post-confirmation jurisdiction to interpret and enforce its own orders, particularly when disputes arise over a bankruptcy plan of reorganization.  *In re Petrie Retail, Inc.*, 304 F.3d 223, 230 (2d Cir. 2002); *see also In re Motors Liquidation Co.*, 428 B.R. 43, 56 (S.D.N.Y. 2010) (upholding the bankruptcy court's jurisdiction to determine the meaning of its 363 sale orders).  Plaintiff's suit seeks no relief related to the Britestarr Plan or any relief

related to Britestarr. Accordingly, the retention of jurisdiction provision in the Britestarr Plan does not reach this case, and does not divest this Court of jurisdiction.

### III. Conclusion

Defendants' motion to dismiss is DENIED.

SO ORDERED.

Dated: New York, New York
      June 4, 2013

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE